WEBB *et al. v.* RICE.

Division B. June 4, 1923. Suggestion of Error Overruled. Sept. 17, 1923.
[97 South. 419, No. 23356.]

BILLS AND NOTES. *Purchase of note from collecting bank after maturity confers no title on purchaser, if bank had no authority to sell.*

> Where the holder of a promissory note indorses such note in blank and sends it to a bank for the sole purpose of having the same paid, the bank has no authority to sell the note and if a person buys the note after maturity such purchaser does not acquire title thereto because the note being past due is notice to the buyer of all facts constituting a defense, or want of title, in the seller.

APPEAL from chancery court of Tallahatchie county. HON. G. E. WILLIAMS, Chancellor.

Suit by Mrs. M. M. Rice against W. H. Webb and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

*R. C. McBee*, for appellants.

1.   The complainant, having acquired the note sued on after it was due, was not a holder in due course. Sections 2630, 2661, 2608, and 2769, Hemingway's Code; 8 Corpus Juris, 345 and 346; *Holmes Bros.* v. *McCall*, 114 Miss. 157, 74 So. 786; *Muller* v. *Pondir*, 55 N. Y. 325, 14 A. R. 259.

2.   The complainant, having taken the note after it was past due, acquired only such rights therein as the bank had, which was to collect the note and remit the proceeds to the defendant, W. H. Webb. *Combs* v. *Hodge*, 21 Howard, 397, 16 L. Ed. 115; Norton on Bills and Notes, 202; Daniels Negotiable Instruments, section 724-A; 8 Corpus Juris, 389; *Mitford* v. *Wallicott*, 1 Salk. 129; *Brown* v. *Davis*, 3 T. R. 80; 4 A. & E. Enc. of Law, 3131; *H. & M. Allen & Co.* v. *Bratton*, 47 Miss. 119-130; *Ethridge* v. *Gallagher*, 55 Miss. 458; *Cussen* v. *Brandt*, 97 Va. 1, 75 A. S. R. 762; Sections 2593, 2594 Hemingway's Code.

3.   Was complainant entitled to share in the proceeds of the sale of the lands sued on as prayed for in her bill, and was she entitled to a decree condemning the lands to be sold? *Foley, Avery & Co.* v. *Smith*, 6 Wallace, 492, 18 L. Ed. 931; *Ashurst* v. *Bank of Australia*, 37 Eng. Law

& Eq. 195; *Livermore* v. *Blood,* 40 Mo. 48; *Texas* v. *White,* 7 Wall. (U. S.) 68, (19 L. Ed. 227); *Texas* v. *Hardenberg,* 10 Wall. (U. S.), 19 L. Ed. 839; *Ethridge* v. *Gallagher,* 55 Miss. 458.

4. Does the record show a valid and lawful consideration for the transfer of the note from the People's Bank to the complainant? Section 869, Hemingway's Code; 8 Corpus Juris, 243; *Bank of Hickory* v. *McPherson,* 102 Miss. 852-865, 59 So. 934; *Montjoy* v. *Delta Bank,* 76 Miss. 402, 24 So. 870; *Bohn* v. *Lowry,* 77 Miss. 424, 27 So. 604; Sections 2630 and 2634, Hemingway's Code; *Union National Bank* v. *Neal,* 149 Fed. 711, 10 L. R. A. (N. S.); 8 Corpus Juris, 496 and 505; *Goodman* v. *Simonds,* 20 How. 343-366, 15 L. Ed. 934; *Mee* v. *Carlson,* 22 S. D. —, 117 N. W. 133, 29 L. R. A. (N. S.) 351; *Eckert* v. *Searcy,* 114 Miss. 12-153, 74 So. 818; *Jones* v. *Gordon,* 2 App. Cases, 616, 4 E. R. C. 416.

5. The payment of the amount of the face of the note to the People's Bank, who held the same for collection, was a payment of the note. *Lancey* v. *Clark,* 64 N. Y. 209, 212; *Collins* v. *Adams Ex'rs.,* 53 Vt. 433; *Bank of Lay,* 80 Va. 436; *Moran* v. *Abbey,* 63 Cal. 56; *Fidelity Ins. Trust & Safe Deposit Co.* v. *West Penn. & S. C. R. Co.,* 138 Pa. St. 494; 21 Atl. 21; *Martin* v. *Trust Co.* (Tenn. Sup.), 28 S. W. 1097; *Wood* v. *Safe Deposit Co.,* 128 U. S. 416-424, 9 Sup. Ct. 131; *Ferree* v. *New York Security & Trust Co.,* 74 Fed. Rep. 771; *Purnell* v. *Gillespie,* 88 So. 637; *Hawkins* v. *Shields,* 100 Miss. 739-750.

6. The cross-bill of defendants seeking to cancel the note sued on should have been sustained.

*May, Sanders & McLaurin,* for appellee.

The principle governing this case is stated in 8 Corpus Juris, 792 and 793. In the case of *Hall* v. *Box,* 94 So. (Miss.) 221, Judge ETHRIDGE, quoted to approve the above sections, containing in part this language: "Whenever

one of two innocent persons must suffer by the acts of a third person, he who has enabled such third person to occasion the loss, must sustain it." See R. C. L., pages 998-999, sections 208 and 209. *Marlar* v. *Smith et al.,* 89 So. 667, holds that our negotiable instrument law, section 2627, Hemingway's Code, "is not applicable to a suit on a note payable to bearer." A note so payable is negotiable by delivery and needs no endorsement. That is exactly the state of the case here presented. The rule for determining the question as to whether a note has been paid or purchased was declared by this Honorable court in the case of *Purnell* v. *Gillespie,* 88 So. (Miss.) 637.

It is further contended that appellee is not entitled to the protection of a *bona-fide* purchaser, because the note was not delivered to her by the bank until some six or seven days after its maturity. This contention has been ruled adversely to appellants in the case of *Hawkins* v. *Shields,* 100 Miss. 733, 57 So. 4. See also *Calhoun* v. *Ainsworth,* 176 S. W. (Ark.) 316, 1915 E, L. R. A. (N. S.) 395; 2 Daniel on Negotiable Instruments (6 Ed.), sec. 1233 A; *Davis* v. *Miller,* 14 Gratt. 1; *Johnson* v. *Schnabaum,* 109 S. W. (Ark.) 1163, 17 L. R. A. (N. S.), 838.

We have heretofore called the court's attention to the fact that no defenses to the note exist and none were asserted. There were no equities between the parties. The sole question is one of title to the note in question; or, in other words, whether it has been paid or purchased, and the only competent evidence shows a purchase and not a payment. The negligence of the endorsers in failing to limit or restrict their endorsement; the negligence or mismanagement of their agent, the People's Bank, cannot be visited upon appellee, and the appellants are estopped to make or maintain the contention that the bank did not have the power to negotiate the note. There is not a particle of testimony in the record to contradict appellee's testimony that she agreed to purchase this note, in good faith, before its maturity, for full value, and that

the only reason the transaction was not completed before the maturity of the note, was the rush of business in the bank at that particular time.

*Cutrer, Smith & Cutrer,* also for appellee.

The question of whether payment of money for a note is a payment of a note, or the purchase of a note, is a question of the intention of the party who purchases the note, where the party who puts up the money is a stranger to the transaction, and is not obligated in any way to pay the note. 8 Corp. Jur. 588; 3 R. C. L. 1287; *Johnson* v. *Schnabaum,* 17 L. R. A. (N. S.) 838; *Interstate Trust & Banking Co.* v. *Irwin* (La.), 70 So. 313; *Wing* v. *Union Central Life Ins. Co.,* 181 Mo. App. 381, 168 S. W. 917.

As we view the question, it is immaterial under the facts of this case, whether the note was purchased before or after maturity, and in substantiation of this point, we refer the court to the case of *Dodge* v. *Freedman's Saving & Trust Co.,* 23 L. Ed. 920, in which case the supreme court of the United States held this question was immaterial. See *Carter* v. *Burr,* 28 L. Ed. 1147; *McDonnell* v. *Burns,* 83 Fed. 866.

Therefore, upon the record and the authorities herein cited, the learned chancellor not only did not commit any errors, but his findings both of law and fact were and are eminently correct, and the decree herein rendered in this case should not be disturbed.

Argued orally for appellants by *R. C. McBee* and for appellee by *A. J. McLaurin.*

ETHRIDGE, J., delivered the opinion of the court.

The appellants W. H. Webb and A. E. Jennings sold certain lands to one P. J. Givens for a cash payment of eleven thousand dollars and deferred payments evidenced by different notes for the balance. The note in controversy was for ten thousand dollars and was due January 1, 1920. A deed of trust was taken upon the lands con-

veyed to secure the deferred payments. . In December, 1918, Givens conveyed to A. H. Smith, J. P. McMullen, and O. A. Stepherson for an advance consideration and the assumption by Smith, McMullen and Stepherson of the notes of Webb and Jennings. One of the notes given by Smith, McMullen, and Stepherson passed to the ownership of the appellants and amounted to five thousand, eight hundred and thirty-three dollars and thirty-three cents and became due on January 1, 1920. The note in controversy given by Givens to Webb and Jennings for ten thousand dollars became due on the same date. Some time prior to January 1, 1920, Webb and Jennings sent these notes to the People's Bank of Sumner for collection. The note from Givens to Webb and Jennings was indorsed by them in blank some time prior to the notes being sent to the People's Bank of Sumner, the notes being sent for collection, but there was nothing to qualify the indorsement of Webb and Jennings written on the back of the ten thousand dollar note given by Givens to them. This note was not paid on the 1st of January, 1920, and on the 6th of January, 1920, appellant Webb called the People's Bank of Sumner on the telephone and inquired as to whether the note had been collected and was informed by Mr. Paul, assistant cashier of the bank, as to the *status,* and was informed that the note had not been collected but that it was in process of collection. Mr. Webb then notified Mr. Paul that the note must be collected immediately or protested and returned. On the following day, January 7th, the appellee, Mrs. Rice, paid to the People's Bank of Sumner the amount of the note and interest, and the note was delivered to her but not marked paid, nor was anything marked on the note to indicate whether it was a sale or a payment. The People's Bank of Sumner placed this money to the credit of the appellants and sent a deposit slip without any letter of explanation to Webb and Jennings, inclosing some of their papers belonging to Webb and Jennings, but making no statement as to how the note had been disposed of or handled.

132 Miss.—43.

In March, 1921, the appellee, Mrs. Rice, filed her bill in the chancery court claiming to be the purchaser of the ten thousand dollar note above mentioned, claiming that she had paid full face value thereof and had acquired the same in good faith in due course of trade, and that she is now the owner and holder thereof, and that said note was indorsed in blank by the defendants Webb and Jennings, who she alleges are liable as indorsers thereon, and alleged further that the said note was secured by a certain deed of trust on certain lands described, and that the defendant Givens, as maker, and the defendants, Webb and Jennings, as indorsers, and the purchase thereof by the complainant, the said parties defendant are jointly and severally liable to the complainant for the sum thereof with six per cent. interest thereon from January 1, 1920, together with ten per cent. on the principal and interest as attorneys' fees, and that said note was past due and unpaid. It is further alleged on information and belief that the defendant W. H. Webb is the holder and owner of all the other unpaid notes of said series aggregating forty-two thousand, five hundred dollars, representing the balance of the purchase price of the said lands, and that the payment of said notes is secured by said deed of trust now held by the defendant Webb, and that the defendant Webb has directed the trustee in said deed of trust to foreclose the said deed of trust and that the trustee is preparing so to do and that said lands have been advertised for sale.

It is further alleged that on account of deplorable business conditions and financial stringency a forced sale of the land at this time will necessarily result in irreparable damage to complainant's security, in that said land will sell for much less than its value and will be insufficient to satisfy the indebtedness of said Webb and Jennings and the note of the complainant; that it is the purpose of Webb to force a sale of the land and apply the proceeds, first, to the satisfaction of the indebtedness owing to him

without regard to the indebtedness owing to the complainant, and that the complainant will be hindered and defeated in collecting the note.

It is further alleged that Webb is disputing and denying that complainant has the lien on the said land and refuses to recognize that the complainant is entitled to share in the said security for the payment of her claim, and prays for an injunction against the foreclosure of the deed of trust or the disposal of said land or the further incumbrance thereof, and that a lien be placed thereon in favor of the. complainant and for personal judgment. The exhibits to the bill set forth the trust deed and the notes and the advertisement by the trustee.

The defendants, who are appellants here, denied that the complainant became the purchaser and owner of said note or that she is now the owner and holder thereof and denied that complainant had paid full value therefor and denied that she had acquired said note in good faith in due course of trade, denied that the note was indorsed in blank by the defendants Webb and Jennings, or that either of them are liable to the complainant as indorsers of said note. They admitted that the note was secured by a trust deed executed by Givens to the defendants Webb and Jennings, and that the lands described are conveyed to secure the said note, and that said note is one of a series of notes as alleged, but denied that the complainant purchased said note; denied that the indorsements were placed thereon as alleged; admitted that Webb is the owner of all of the other notes in said series aggregating forty-two thousand, five hundred dollars, and admitted that, at the time of the filing of the bill, the trustee was proceeding to foreclose the same; denied the allegations with reference to financial stringency and irreparable damage; denied that it was the purpose of Webb to force a sale to satisfy the indebtedness to him, and that it is his purpose to defeat the complainant of any rights; denied generally that complainant has any right or title,

and alleged that, after the sale of the lands by Webb and
Jennings to Givens, the defendant Givens, in 1918, con-
veyed the land to A. H. Smith, J. P. McMullen, and O.
A. Stepherson, for the consideration of ninety-five thou-
sand dollars, in cash and deferred payments and the as-
sumption of the debt of Givens to Webb and Jennings;
that afterwards, in November, 1920, Smith disposed of
his interest in the lands to McMullen, McMullen assum-
ing the payment of all the indebtedness due against the
land; that McMullen conveyed to one Anderson a one-
half interest, and that Anderson agreed to pay the in-
debtedness due by said Givens to said Webb and Jennings;
that the defendant Anderson was and is wholly without
funds and unable to pay the indebtedness assumed, and
that appellee, Mrs. Rice is the mother of Anderson; that
she financed him in all of his business deals prior thereto,
and expected to and did finance him in the transaction
above referred to.

It further alleged that the note described in complain-
ant's bill became due on the 1st of January, 1920, was
the sole property of Webb, and was placed with the Peo-
ple's Bank of Sumner for collection, and that the bank
only had authority to collect the note but had no authority
to sell it; the defendant Anderson being anxious to pay
said note, approached his mother, the complainant, for
the purpose of obtaining from her the amount thereof;
that she did not then have individually the amount nec-
essary, but as administratrix of her husband's estate had
a large amount of money in the bank; that she gave her
check as administratrix to pay the said note, and the
note was delivered to her by the cashier of the bank in
satisfaction and payment of the note; that no claim to the
contrary was ever asserted by her until after the death
of Rowland, the cashier of the People's Bank of Sumner,
a year after the payment of the note; that the note was
delivered to her without being marked paid through in-
advertance.  The answer is made a cross-bill, and it is

prayed that said note be delivered up and marked paid and satisfied.

Webb testified that the note was sent to the bank for collection and that the bank had no authority to sell the note or to do anything other than collect it.    In this statement he is supported by the evidence of Mr. Paul, the assistant cashier of the bank, who testified that the bank had no claim on the note, but that the note was carried on the books as a note for collection, and was kept in the file of the collection department, and that the note was never the property of the bank.    He also testified to a conversation with Mr. Webb on the 6th day of January, in which Mr. Webb directed that the note either be immediately collected or protested and returned, which fact he communicated to Mr. Rowland, the cashier of the bank, who called up the appellee, Mrs. Rice, and informed her that the note would have to be immediately paid or protested and returned; that on the next day Mrs. Rice came to the bank, gave her check for the amount of the note; that the note was delivered to her, and the money placed to the credit of Mr. Webb and a deposit slip sent him without explanation.    Mr. Webb further testified that he had no notice that Mrs. Rice was claiming to have purchased the note until about the time the suit was filed; that is, until about a year after the time she gave her check.    Mr. Webb further testified that there was no agreement on the part of Mrs. Rice to pay the said note, and she was not obligated to pay the same.

Mrs. Rice testified that she purchased said note as an investment; that she learned of said note being at the bank; that she had a conversation in December with Mr. Rowland with reference thereto and that he informed her that the indorsers alone would make the note all right; that if she did not buy it that he was thinking of buying it for the bank as an investment; that she told him that she would think further about the matter and on December 31st, the day before the note was due, she told him

she would take the note; that he stated he did not have time just then to figure the interest; that on January 6th he notified her the amount of the interest and that she made out her check for the amount of principal and interest, and on January 7th carried it to the bank and delivered Mr. Rowland the check which he accepted and delivered her the note; that she understood the note was for sale, and that she bought it as an investment, and that she did not intend to pay the note on account of her son or brother or for any other person; that she was under no obligation so to do.

On this testimony the chancellor decreed for Mrs. Rice the amount of the note and interest with ten per cent. attorney's fees, rendering personal judgment against the appellants and Givens on said note, and also entered a decree declaring a lien on the land described in the deed of trust above mentioned to secure the payment thereof, and directed sale to be made of the land to satisfy the judgment, if it was not paid within the time fixed by the decree, and also dismissed the bill filed by the defendant.

After a thorough consideration of the question we think that the appellee, having purchased the note after its maturity, took it subject to all defenses which could be made to the note, and that she only got such title as the bank had, and as the evidence is undisputed that the bank had no authority to make the sale, but only had authority to collect the note, or, if not paid, to protest it, that Mrs. Rice obtained no title to the note. The evidence does not support the chancellor's finding that she had made out proof to support the allegations of her bill. Assuming to be true all which her testimony proves or tends to prove, she only attempted a purchase. A most favorable view of her contention is, under the facts in this record, that the minds of the parties did not meet. She is to be treated as though she had actual knowledge of the bank's want of authority to sell the note.

The judgment of the court below will therefore be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*