RICE *et al.* v. WEBB *et al.*\*

[105 So. 854. No. 25172.]

(Division B. Nov. 16, 1925.)

BANKS AND BANKING. *Trusts. Ordinarily, funds deposited become property of bank; necessary allegations in bill to recover trust funds deposited in bank and paid out on check of depositor stated; "deposit."*

Ordinarily, a deposit in a bank is a loan of the funds to the bank, and such funds so deposited become the property of the bank, and where a bill seeks to recover trust funds deposited in a bank and paid out on the check of the depositor to the bank for a third person, it is necessary to allege that the deposit was a special deposit, or else that the specific trust funds actually deposited were paid in kind to the person against whom the bill was sought to be maintained.

---

\*Headnote 1. Banks and Banking, 7 C. J., Section 326; Trusts, 39 Cyc., p. 622.

APPEAL from chancery court of Tallahatchie county.
HON. C. L. LOMAX, Chancellor.

Suit by Mrs. M. M. Rice and others against W. H.
Webb and another. From a judgment granting defend-
ants' motion to strike plaintiffs' supplemental and
amended bill from the files, plaintiffs appeal. Affirmed.

*May, Sanders & McLaurin,* for appellants.

Appellees' motion challenged the correctness of the
chancellor's action in permitting an amendment of the
pleadings. It is unnecessary to discuss separately the
several grounds of the motion to dismiss as every ques-
tion has been definitely settled adversely to the conten-
tions of defendants by the statutes and supreme court
decisions of our own state. See section 558, Heming-
way's Code (section 775, Code of 1906). These statutes
were given due and proper consideration in allowing the
amendment of the pleadings in the form of the subse-
quent pleading called "supplemental bill." *Adams* v.
*Lucedale Commercial Co.,* 113 Miss. 608.

It was expressly held in the early case of *Dyer* v.
*Brittan,* 53 Miss. 270: "An amendment can be made,
changing the form of action." See also *Haines* v. *Haines,*
98 Miss. 83; *Middleton* v. *Davis,* 105 Miss. 152, 62 So. 164.
If it shall be argued that a supplemental pleading should
be stricken out, upon the ground that the old technical
rule required an amended bill to be filed within the time
allowed for amendments and a supplemental bill after
time for amendment has elapsed, a complete answer to
such contention is found in the statutes and supreme
court decisions above cited. 21 Ency. Pl. & Pr., pages
13, 14; *McCuller* v. *Mink,* 121 Miss. 829, 83 So. 907.

The complainant's theory presented to the court
formerly was that she became the purchaser and owner
of the note sued on and was, therefore, entitled to pro-
ceed against the makers and indorsers of said paper.
The court held that the facts proved were insufficient to

warrant the finding that the defendants received the money paid by complainant and having received it and given nothing for it, they are now responsible to complainant and accountable for the money so received. It was also admitted that the funds paid were trust funds, as evidenced by the check in payment, which was signed by Mrs. M. M. Rice, as administratrix. The defendants (appellees) are, therefore, liable also to account for these funds as trust funds and to restore them to the proper custodian; namely, the administratrix and guardian, being one and the same person. *Bank* v. *McPherson,* 102 Miss. 852, 59 So. 934.

The Peoples Bank, through its cashier, B. T. Roland, as agent for defendants (appellees) knew that it was accepting trust funds in exchange for the notes involved, and its knowledge is imputed to its principal, the defendants (appellees). *Wilcox* v. *Routh,* 2 S. & M. 476; *Ross* v. *Houston,* 25 Miss. 591, 59 Am. Dec. 231; *Edwards* v. *Hillier,* 70 Miss. 803, 13 Sol. 692; *Allen* v. *Pool,* 54 Miss. 323; *Cameron* v. *Lewis,* 56 Miss. 76.

*R. C. McBee,* for appellees.

The bill filed by Mrs. Rice is named "Supplemental Bill," and nowhere is it spoken of as an amendment to her original bill. It attempts to aver matters and things that existed at the time of the filing of the original bill and is, therefore, hopeless as a supplemental bill. "A supplemental bill is an addition to, or rather a continuation of, the original bill and its proper office is to allege material facts which have occurred since the filing of the original bill." Griffith's Miss. Ch. Practice, 428; *Wright* v. *Frank,* 61 Miss. 32.

Counsel in their brief seem to abandon the idea that their supplemental bill, denominated by them as such at the time of the filing, is one in fact and treat it as an amendment. We concur in this conclusion, but *Carter* v. *Kimbrough,* 122 Miss. 543. The making of a

supplemental bill into an amendment is, however, a total abandonment of the case made in the lower court, and is in itself a sufficient reason for sustaining the motion to strike. It has long since been decided by this court that this is the proper procedure. *Moss* v. *Davidson,* 1 S. & M. 112; *Walker* v. *Gilbert,* 7 S. & M. 456.

We have never taken the position that merely because the case was reversed, that the bill was not subject to amendment, nor that the court below has not full power ''to allow any amendment to be made to the pleadings, which it had power to allow before the judgment or decree appealed from was rendered.'' This is the rule laid down in the case of *Haines* v. *Haines,* 98 Miss. 830, 54 So. 433, but the point we do insist upon is that, treating this bill as an amendment, it was never proper to make it.

. *The supplemental bill fails to show that Webb and Rice knew that trust funds were being used by the bank.* Counsel have cited *Bank* v. *McPherson,* 102 Miss. 852, as being the law governing the wrongful use of trust funds. From quotations adopted by them, it appears that ''whenever a trustee has been guilty of a breach of trust, and has transferred the property, by sale or otherwise, to any third person, the *cestui que trust* has full and perfect right to follow such property into the hands of such third person unless he stands in the position of a *bona fide* purchaser for valuable consideration without notice.'' This case, however, does not sustain the supplemental bill, because the suit is not brought by the *cestui que trust* in the present instance, and Webb and Jennings ''stand in the position of a *bona-fide* purchaser for value without notice.'' For all that appears in the supplemental bill, there is not an intimation that Webb and Jennings knew anything about the transaction between Mrs. Rice and Roland, acting for the bank. This knowledge must appear. It must be both alleged and proved. *Perry* v. *Oarman,* 15 L. R. A. (N. S.) 310; 129 Am. St. Rep. 1020; 26 R. C. L. 1362. Notice is nec-

essary, and until there is notice, no case is made against such persons.

While counsel seek a reversal upon the theory that their supplemental bill is an amended bill, they cannot complain in this court, because the lower court took them at their word in calling this pleading a supplemental bill and refused to consider it as an amendment. This pleading was presented as a supplemental bill, and as such was stricken from the files. It is hopeless as a supplemental bill, and for that reason, if for no other, the decision of the lower court should be affirmed.

*Mrs. Rice, having elected to proceed on the theory that she had purchased the note, cannot now recover the trust funds.*

Confessedly, Mrs. Rice, acting as administratrix of the estate, sought to make an investment of the trust funds, which was outside of the scope of her right and duty as administratrix, and for which she obtained no order of the court. She pleaded her wrongful and unlawful act in the supplemental bill. *Meyer* v. *Meyer,* 106 Miss. 638-652. And when an administrator so acts, he acts at his peril, is liable to be charged with all losses, is not permitted to make any profits, and is chargeable with compound interest. 18 Cyc. 241; *Gully* v. *Dunlap,* 24 Miss. 410; *Crowder* v. *Shackleford,* 35 Miss. 321; *French* v. *Davis,* 38 Miss. 167.; *Meyer* v. *Meyer,* 106 Miss. 638-652.

Mrs. Rice, by bringing the suit originally against the maker and indorsers of the note, elected thereby to take the proceeds of the property. By her first suit, she got all that she was able to obtain under the law, and that was a judgment against Givens. She cannot now, even in the same suit, or by different suit, having obtained this judgment, keep it and keep the note, and at the same time, sue to recover the trust funds. 39 Cyc. 534-535.

This case should be affirmed.

Argued orally by Geo. W. May, for appellant, and R. C. McBee, for appellees.

ETHRIDGE, J., delivered the opinion of the court.

This is the second appearance of this lawsuit. The first decision is reported in 132 Miss. 668, 97 So. 419, under the style of Webb et al. v. Rice. The facts as the case then appeared are fully set out in that opinion. When the case was remanded to the court below, the appellant sought to file a supplemental or amended bill, setting up that the funds which were paid for the note involved in the suit before were paid out of the trust funds in her hands as administratrix of her deceased husband, and that she joined herself as administratrix of the estate of her deceased husband and as guardian of her minor children as parties in the supplemental and amended bill. On motion of the appellees this supplemental and amended bill was stricken from the files and an appeal granted to settle the principles of the case.

The bank is not made a party either to the original or to the supplemental and amended bill. The check given in payment of the note involved here, or, as the appellant contended, in the purchase of the note, also included something more than five thousand dollars in the purchase or the payment of another note given by the vendees of Givens, the maker of the note here involved. Although the check was given to the bank, drawn on the funds of the administratrix on deposit in the bank to her credit as such, the bill does not aver that this was a special deposit, nor that the funds were separated from the bank's funds, nor that the specific money so specifically deposited was paid to the appellee.

An ordinary deposit in a bank is a loan of the funds to the bank, and such funds so deposited become the property of the bank, and the relation of debtor and creditor exists between the bank and the depositor. The bank in this case did not transmit Mrs. Rice's check to

Webb and Jennings, but cashed that check and sent its own check to appellees. There is no allegation in the bill that the appellees Webb and Jennings had actual notice of how the matter was handled, and we think there was a failure to allege in the supplemental bill all such facts as would give the appellant a right of action.

The judgment of the court below will therefore be affirmed.

*Affirmed.*