DEPOSIT GUARANTY BANK & TRUST CO. v. MERCHANTS' BANK & TRUST CO.

(Division B. Dec. 3, 1934.)

[158 So. 136. No. 31469.]

Howie & Howie and May, Sanders, McLaurin & Byrd, all of Jackson, for appellant.

Flowers, Brown & Hester, of Jackson, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Louis Lasunsky, in his lifetime, made a will wherein he bequeathed to Norman Ingram Markow the sum of four thousand dollars, and to Renie Littenberg the sum of four thousand dollars, and made his wife, Mrs. Sophie Lasunsky, executrix of said will without bond. She qualified as such and proceeded with the execution of the will and trust confided to her, placing the funds in the Merchants' Bank & Trust Company, and in addition to the bequest, certain funds belonging to her to supplement such funds. She reported to the chancery court, and the court made an order requiring the funds to be placed in said Merchants' Bank & Trust Company to bear interest at not less than four per cent per annum, and directed said bank not to permit the withdrawal of said funds without the approval of the chancery court. The pertinent part of the decree thus providing is as follows: "It is further ordered that the said Mrs. Sophie Lasunsky, trustee for said minors as aforesaid, be and is hereby ordered and directed to place said money on time deposit in The Merchants Bank & Trust Company, of Jackson, Mississippi, where the same will draw not less than four per cent interest, and that the said Merchants Bank & Trust Company is hereby directed and ordered to hold said money on deposit until such time as it may be ordered transferred by this court, and in no case will permit said money, or any part thereof, to be drawn out without an order from this court, and the clerk of this court is hereby directed to furnish said bank a certified copy of this order for its instructions in connection with said deposits now deposited with it in the name of Mrs. Sophie Lasunsky, trustee for Norman Ingram Markow and Renie Littenberg, minors, and said bank is hereby charged with said trust fund as such under this decree and in accordance with the terms hereof."

Thereafter, Mrs. Sophie Lasunsky obtained an order to withdraw from the bank the money which she had

personally placed therein for the benefit of the minors; said order reciting that the financial condition of the minors and their parents was such as to require additional support. The Merchants' Bank & Trust Company was thereafter placed under the state banking department for liquidation in the chancery court, and the appellant filed a petition to have the deposit of the above-named minors, bequeathed by the will, treated as a trust fund and to be given preference over general creditors. This petition was denied by the chancery court, from which this appeal is prosecuted.

On appeal it is insisted that the court's order above recited made the Merchants' Bank & Trust Company a coexecutor and trustee of the trust funds, because it withdrew from the control of Mrs. Sophie Lasunsky the trust funds given her by the will.

It is manifest, from a careful study of the decree, that the Merchants' Bank & Trust Company was not a coexecutor or trustee. The idea of the court was to secure a safe investment for the minors' funds. The decree was probably made in view of the fact that no bond was required, and the court thought proper to supervise the investment of said funds. The funds were placed in the bank for the purpose of drawing interest; it being deemed by the chancery court, at that time, a secure investment. Without such an order, the executrix, Mrs. Sophie Lasunsky, could have withdrawn the funds at pleasure, and there would have been no responsibility on the bank, as it would have been entitled, under section 3828, Code 1930, to pay such funds without being chargeable with liability therefor to the trustee, Mrs. Sophie Lasunsky. The relation between a bank and a depositor, without an agreement to the contrary, is simply one of debtor and creditor, and a deposit is not, ordinarily, a trust fund. Moreland v. People's Bank, 114 Miss. 203, 74 So. 828, L. R. A. 1917F, 263. Ordinarily, a bank deposit

is a loan to the bank, and the funds so deposited become the property of the bank. Rice v. Webb, 141 Miss. 66, 105 So. 854. In 3 R. C. L., p. 517, it is said that: "A deposit in a bank is presumed to be general in the absence of an agreement to the contrary. This is placed on the ground that such deposit is esteemed the most advantageous to the depositary and most consistent with the general objects, usages and course of business of banks. The law prescribes no particular formula for the contract involved in making a special deposit. Like all contracts; it grows out of the mutual intention and understanding of the parties. The purpose and terms of the deposit may be explicitly stated, or the intention of the parties may be inferred from their declarations, considered in connection with their conduct and all of the circumstances." See, also, page 518, 3 R. C. L.; Love v. Little, 167 Miss. 105, 148 So. 646.

The judgment of the court below will be affirmed.

Affirmed.